On Application for Rehearing.
Watkins, J.
On careful re-examination of the earnest application for rehearing, the views entertained in our original opinion are confirmed.
(a) While it is true that, in satisfaction of the two notes described in our opinion, Miller made a dation to Oomeau, and on the same date Oomeau conveyed to Miller, on terms of credit, retaining a vendor’s lien; and that it is true that said dation and sale were subsequently revoked at the suit of Adler, a creditor of Miller, the effect of which was that said dation and sale were unaffected as to other creditors of Miller; yet it is equally true that Oomeau acquiesced in the annulment of the dation and sale, and proceeded to foreclose his original mortgage, apparently on the theory that same had revived and become exigible again. In thus proceeding he evidently abandoned Miller’s dation to him in satisfaction of said notes as the consideration thereof, and his title thereunder, which was the foundation of his sale to Miller.
*1331 Certainly the two transactions could not and did coexist.
The dation, if maintained, settled the original notes and mortgage. If the sale of Oomeau to Miller, containing the vendor’s lien, is maintained, the original notes and mortgage have no existence. But if the original notes and mortgage still exist, and are enforceable, the dation and subsequent sale must have passed out of existence. But the estate of Oomeau, having obtained executory process on the original notes and mortgage, and sent the property to sale thereunder, and become the adjudicatee, is conclusively presumed to have abandoned the dation and sale thereunder to Miller.
While these executory proceedings were in progress — possibly on the very day of sale — Mrs. Miller set up her homestead privilege, ranking the Oomeau mortgage. In this emergency, cla'm is made under the dation of Miller to Comeau, and the sale on the same day from Comeau to Miller — the latter containing a vendor’s lien— notwithstanding the previous abandonment of it.
It is impossible to conceive in what way the vendor’s lien in the last act to Miller can be imported into the first act, on which tie seizure and sale opposed was predicated. To do this would be to give effect to the two series of notes of Miller, and enforce two special mortgages, of wholly different dates and tenor, under a single order of seizure, in which the latter is not mentioned; and in spite of the fact that Oomeau surrendered the first notes to Miller, as the consideration of the dation, and sold the property to Miller in consideration of the last ones.
It was on this theory that we did not treat this question in ■our original opinion, and considering that Adler’s claim against Miller was ranked by the homestead claim subsequently arisen, it was equally unnecessary that it should be discussed.
(b) We have noticed the argument of Oomeau’s counsel in respect to Mrs. Miller’s claim only bearing a general privilege. But that does not seem important, in view of the fact that its rank is superior to all others, except the vendor’s lien, and the expenses of selling the property. Under the circumstances of this case, we are of opinion that the widow in necessitous circumstances can not be turned around to another action, or to some other possible source, for satisfaction of her demands. It was clearly the right of Oomeau to have provoked an administration of the succession of Miller, and thus produced a eoneursus for the benefit of all concerned. This, *1332 Mrs. Miller could not have done effectually, because she could not have prevented the executory proceedings of Comeau, and would have been driven to an opposition at last in order to recover the proceeds of sale, just as she has done. Qui bono?
(o) We have also given due attention to the argument of Comean’scounsel, to the effect that the widow should have demanded payment of the heirs of the deceased. Under the evidence in the-record this would have been an idle ceremony, and totally unavailing. Miller died utterly insolvent,- and there is no proof that he left any heirs at his death. Certainly there-were none who have hazarded the consequences of-a simple and unconditional acceptance of his insolvent estate. Consequently there were no heirs on whom she could have called.
We are of opinion that the case has been correctly decided.
Rehearing refused.